THE STATE, DEFENDANT IN ERROR, v. JOSEPH C. CAPRIO
AND LAWRENCE RUGLIO, PLAINTIFFS IN ERROR.

Argued June 6, 1922—Decided December 14, 1922.

1. Where a person takes the witness-stand in response to the order
   of the court in a proceeding had before the Common Pleas judge,
   under article 6, section 6 of the "Act to regulate elections"
   (*Pamph. L.* 1920, *p.* 637), he is immune from criminal prosecu-
   tion for any matter or causes in respect to which he is examined
   or to which his testimony relates, under the provision of section
   77 of article 31 of the statute. *Pamph. L.* 1920, *p.* 855.
2. Where a person is a mere volunteer in giving his testimony in a
   proceeding under article 6, section 6 of the "Act to regulate
   elections" (*Pamph.* L. 1920, *p.* 637), section 77, article 31, does
   not protect him from criminal prosecution.

On error to the Essex County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the plaintiffs in error, *Wilbur A. Heisley.*

For the state, *John O. Bigelow,* prosecutor of the pleas,
and *J. Henry Harrison.*

The opinion of the court was delivered by
GUMMERE, CHIEF JUSTICE. The defendants were convicted
upon an indictment charging them with a criminal conspiracy.

The revision of our act to regulate elections (*Pamph. L.*
1920, *art.* 31, § 27, *p.* 833) declares that, if any judge, in-
spector, clerk or any other officer of a primary election shall
be guilty "of any willful fraud in the discharge of his duties
by destroying or defacing ballots, adding ballots to the poll,
by false counting, by making false returns, or by any act or
thing whatsoever, the person or persons so offending shall be
deemed guilty of a misdemeanor."

The indictment, after reciting that the defendants were each of them members of the board of registry and election in one of the districts of the city of Newark at a primary election held on the 28th day of September, 1920, at which Caprio served as judge and Ruglio as inspector; that it was the duty of said board, under the statute, to count the votes for each candidate at such election, and specifying the particular duties to be performed by the judge and inspector in such counting; then avers that at such election the defendants "unlawfully and corruptly did amongst themselves conspire, combine, confederate and agree together to be guilty of a willful fraud in the discharge of their duties, as aforesaid, by falsely counting the said ballots cast at said primary election and by making false returns of the result thereof, * * * and that in execution of the said conspiracy, and to effect the object thereof, the said Caprio and Ruglio did unlawfully and corruptly sign a false and fraudulent statement of the result of said election."

To this indictment the defendants filed a special plea, setting up that, pursuant to article 6, section 6, of the statute (*Pamph. L.*, *p.* 637)—which confers upon the Common Pleas judges power to dismiss members of election boards for cause —one William H. Parry, a candidate at said election, applied by petition to Judge Osborne, of the Court of Common Pleas of the county of Essex, to remove them from the board of registry and election because of certain illegal acts, of which, as it was alleged, they had been guilty in the conduct of said election; that a rule to show cause directed to them was thereupon allowed; that upon the return of the rule a hearing was had upon the petition; that during the hearing each of the defendants was called to testify as a witness, and was then and there examined with relation to certain of the matters which constitute the basis of the charge laid against them in the indictment; and that, therefore, by virtue of section 77 of article 31 of the statute (*Pamph. L.*, *p.* 855), they were immune from criminal prosecution.

The section to which they appealed declares that "no person called to testify in any proceedings under this act shall

be liable to a criminal prosecution, either under this act or otherwise, for any matters or causes in respect to which he shall be examined or to which his testimony shall relate."

The state joined issue on this plea, and that issue was tried out before the court and jury, with the result that at the close of the testimony the trial judge directed a verdict against both of the defendants and in favor of the state. Thereupon the defendants interposed a plea of not guilty to the charge laid against them in the indictment, and the trial of the issue presented by this plea was proceeded with, the result being a verdict of guilty against each of the defendants.

The first assignment of error is based upon the action of the trial judge in directing a verdict in favor of the state upon the trial of the issue presented by the special plea, the contention being that, on the proofs then submitted, a verdict should have been directed in favor of the defendants. An examination of the record sent up with the writ discloses that the trial judge stated as the reason for his action in directing a verdict against the defendants that the proofs failed to disclose that either the one or the other of them had been "called to testify," within the meaning of the statute, at the hearing of the Parry petition, and that, therefore, they were not within the protection of that statutory provision.

The defendants on the trial of that issue submitted to the court and jury, as a part of the evidence in support of their plea, a transcript of the proofs taken before the Common Pleas judge, from which it appeared that during the examination of witnesses Judge Osborne, after expressing to counsel for the defendants a desire to hear Caprio, instructed him as follows: "Tell Caprio to take the stand;" and that thereupon Caprio did take the stand and was sworn and examined. The judicial action now complained of was induced by the argument of the prosecutor of the pleas, which was that the words "called to testify" were the equivalent of *compelled to testify.* We cannot concur in this view as to the legislative intent expressed in the words of the statute. Ordinarily, a witness is either a volunteer or else his presence on the witness-stand is due to the fact that he has been put there by one of the

parties to a litigation to testify as to relevant matters concerning which he has personal knowledge. In the latter case he is called by the litigant to testify with relation to those matters. So, too, if he takes the stand, not as a volunteer, not in response to the call of a litigant, but because of the instruction of the trial court to do so, he is obeying a judicial command which cannot be disregarded, a call which must be obeyed, and so comes within the protection afforded him by the very words of the statute.

The fact being undisputed that Caprio took the witness-stand in response to the order of the trial court, he was, we think, entitled to the direction of a verdict upon the issue then being tried, provided that the testimony which he then gave related to matters upon which the charge laid against him in the indictment was rested. Our examination of that testimony satisfies us that this was the fact, and we conclude, therefore, that a verdict should have been directed in his favor upon that issue.

We find, however, that the claim of Ruglio to immunity was not justified. His assertion that he also was called to testify on the hearing of the Parry petition is not sustained by the proofs submitted. The record discloses that Ruglio was a mere volunteer in giving his testimony on that hearing, and, this being so, he is, as we have already indicated, not entitled to the protection against criminal prosecution conferred by the statute.

The next assignment of error is based upon the refusal of the trial judge to direct a verdict at the close of the state's case upon the trial of the issue presented by the defendants' plea of not guilty. The argument before the trial court in support of the motion to direct, and which is repeated before us, is that the specific duties resting upon Caprio as judge and Ruglio as inspector, and contained in the recitals of the indictment, necessarily preceded the counting of the ballots and the making of a return of the ballots cast; and that, therefore, the overt act set out in the indictment—namely, the corrupt signing of a false and fraudulent statement of the result of the election—could not possibly be in execution of a

conspiracy such as that charged against them. The argument seems to us to rest upon a misconception of the language of the indictment. The averment is that it was the duty of the board of registry and election (and, of course, of every member thereof) to proceed to count the vote of each candidate at said primary election, and that the two defendants conspired and agreed together to be guilty of a willful fraud in the discharge of their duties by falsely counting the ballots cast at the election and making false returns of the result thereof, and that this conspiracy was executed by the unlawful and corrupt signing by both of them of a false and fraudulent statement of the result of the election. It is true that the indictment sets out specific duties resting upon each of the two defendants in the making of the count, and it may be conceded that there is no averment of the violation of any of those specific duties; but the fundamental duty to honestly count is declared to rest upon each of the defendants, as well as upon other members of the board. Conspiracy to commit a fraud in the discharge of that fundamental duty is plainly charged in the indictment, as we read it, and the overt act is clearly one in execution of the fraudulent design. We conclude, therefore, that the motion to direct a verdict for the reasons discussed was properly refused.

Further assignments of error are based upon the refusal of the court to charge certain requests submitted by counsel for the defendants, and upon alleged erroneous instructions to the jury, which are said to be in opposition to those requests. It is not necessary to recite either the requests or the charge, for none of these alleged errors have been pressed by counsel on the argument before us. It is enough to say in disposing of them that the requests were practically charged, so far as they were proper, and that we find nothing erroneous in the actual instructions given to the jury.

Lastly, it is said that the verdict is against the weight of the evidence. We have examined the testimony sent up with the writ of error for the purpose of discovering whether this contention is meritorious, and the conclusion we reach, after

a consideration of the proofs submitted, is that the finding of the jury was entirely justified.

For the reasons indicated, we conclude that the conviction against Caprio must be set aside and that the conviction against Ruglio should be affirmed.